Burnham, 3.
This is an action to recover upon a foreign judgment against the defendant entered by the Hilsborough County, New Hampshire, Superiof Court in the sum of $8,610.00, plus costs and interest. The New Hampshire suit alleged breach of contract, fraud and deceit, and the judgment entered upon the defendant’s default.
The defendant’s Answer here was, in part, that the New Hampshire judgment was rendered without legally sufficient service upon the defendant.
The plaintiff here sought summary judgment and the court granted the motion, entering judgment for the plaintiff in the amount of $10,118.00, plus costs. The defendant here appeals from the court’s decision awarding the plaintiff summary judgment.
We summarize the evidence before the motion court as follows:
In October, 1978, the plaintiff, a resident of Nashua, New Hampshire, entered into a contract for the sale of real property with the defendant, a Massachusetts corporation. The defendant was represented in this transaction by Manuel Koufman, who purported to be authorized to sell the property in question to the plaintiff. In fact, the corporation had been placed in receivership by order of a justice of the Suffolk Superior Court at the time of the New Hampshire sale, and one David R. Andelman, the receiver was the only person authorized to exercise the powers of the officers of the corporation. Although the purchase and sale agreement and the two amendments to it were executed by Manuel Koufman, David Andelman participated in the transaction as attorney for the seller. The principal place of business of the Koufman Development Corporation was given as 184 Fisher Avenue, Brookline, Massachusetts, in the purchase and sale agreement. In fact, that address is not the principal place of business of the corporation, but was, at the time of the sale, the residence of Manuel Koufman. The agreements of the parties relative to the property which was the subject of the sale include a warranty as to the condition of the roof of the building and a promise by the seller (the defendant here) to reimburse buyer any costs he might incur in making repairs to the roof.
The New Hampshire suit sought recovery for damages alleged to have been caused by a faulty roof. In that action, the plaintiff served the defendant in accordance with the procedure called for by New Hampshire law and set out in New Hampshire Revised Statutes Annotated 300:11,12. Service was made upon the New Hampshire Secretary of State, who thereafter served the defendant corporation at 184 Fisher Avenue, Brookline.
*17 The prinicipal place of business of the defendant corporation was at the time of the service, however, not 184 Fisher Avenue, Brookline, but the law office of David Andelman. David Andelman in his affidavit denies having any knowledge of the New Hampshire suit until he received the complaint in the present action.
Based on the pleadings before the motion judge, particularly the affidavit of Andelman, the court erred in granting summary judgment for the plaintiff.
In order to be enforceable in Massachusetts, service in a foreign action must pass the test of sufficiency set out in G.L. c. 235, § 23A. That provision states quite clearly that: “[A] foreign judgment shall not be recognized if (1) the defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend.” G.L. c. 235, § 23A is derived from the Uniform Foreign Money-Judgments Recognition Act, with some modifications, including, among them, the substitution of the word “shall” in place of the word “need” in the statutory language, to wit, “[A] foreign judgment shall not be recognized...” [emphasis added]. This change communicates a clear statutory prohibition against the enforcement of foreign judgments not shown to be based upon notice. The notice here required is notice sufficiently calculated to give the defending party an opportunity to be heard. Andelman’s affidavit thus raises a genuine issue of material fact which was raised in the defendant’s answer.
For the above reason we reverse and allow the defendant’s Report.
Allowance for Plaintiffs Motion for Summary Judgment vacated.
Plaintiffs Motion for Summary Judgment denied.